UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
MARINIX R.,

                      Plaintiff,          <u>DECISION AND ORDER</u>
                                               1:23-CV-08071-GRJ

       v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In April of 2021, Plaintiff Marinix R.[1] applied for Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Mark Levine, Esq. and the New York County Lawyers Association, Anthe Maria Bova, Esq., of counsel, seeks judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 21).

This case was referred to the undersigned on October 8, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

No. 30). For the following reasons, Plaintiff's motion is due to be granted

and this case is remanded for further administrative proceedings.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on April 16, 2021, alleging disability

beginning February 1, 2021. (T at 139-48, 163).[2]  Plaintiff's application was

denied initially and on reconsideration.  She requested a hearing before an

Administrative Law Judge ("ALJ").

A hearing was held on June 23, 2022, before ALJ Selwyn Walters. (T

at 25-51). Plaintiff appeared *pro se* and testified. (T at 29-46). The ALJ also

received testimony from Courtney Olds, a vocational expert. (T at 47-50).

### B. ALJ's Decision

On October 5, 2022, the ALJ issued a decision denying the

application for benefits. (T at 8-24).  The ALJ found that Plaintiff had not

engaged in substantial gainful activity since April 16, 2021 (the date she

applied for benefits). (T at 13).  The ALJ concluded that Plaintiff's

depressive disorder and anxiety disorder were severe impairments as

defined under the Social Security Act. (T at 14).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 23.

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 14).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: she can understand, retain, and follow simple instructions; sustain sufficient attention to the performance of simple, repetitive, and routine tasks, with no strict production pace or assembly line quotas; tolerate occasional interaction with supervisors; work in the vicinity of coworkers and have superficial contact with coworkers, without working in tandem or on teams; but cannot have business contact with the public. (T at 16).  The ALJ also found that Plaintiff can respond appropriately to usual work situations and tolerate occasional changes in a routine work setting. (T at 16).

The ALJ found that Plaintiff had no past relevant work. (T at 19).

Considering Plaintiff's age (35 on the application date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 19).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between April 16, 2021 (the application date) and October 5, 2022 (the date of the ALJ's decision). (T at 20-21).

On August 15, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-5).

C.    Procedural History

Plaintiff commenced this action by filing a Complaint on September 12, 2023. (Docket No. 1).  On February 22, 2024, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 30, 31).  The Commissioner interposed a brief in opposition to the motion and in support of a request for judgment on the pleadings on March 22, 2024. (Docket No. 33).  On April 5, 2024, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 34).

## II.  APPLICABLE LAW

A.    *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the

burden shifts to the Commissioner at step five. *See Green-Younger v.

Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant

numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101,

103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises several challenges to the ALJ's decision.

Fundamentally, Plaintiff argues that the ALJ's assessment of her ability to

meet the mental demands of basic work activity is not supported by

substantial evidence.  Plaintiff also contends that the ALJ did not

adequately develop the record.

For the following reasons, the Court finds that a remand is required

for further development of the record.

### A.    Failure to Develop the Record

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted).

The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

In addition, "an ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment." *Gabrielsen v. Colvin,* No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases).

"This 'heightened duty' derives from the fact that a claimant's mental illness may greatly impede an evaluator's assessment of a claimant's ability to function in the workplace, thus necessitating a more thorough review." *Piscope v. Colvin*, 201 F. Supp. 3d 456, 462-63 (S.D.N.Y. 2016).

Underpinning the heightening of the ALJ's duty is a recognition that the records and opinions of treating providers are particularly probative in claims involving mental health.  *See Flynn v. Comm'r of SSA*, 729 F. App'x

119, 122 (2d Cir. 2018)("The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as [x-rays] or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations."); *see also Marinez v. Comm'r of Soc. Sec.,* 269 F. Supp. 3d 207, 216 (S.D.N.Y. 2017) (noting that treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations.").

Although the Commissioner no longer applies the "treating physician's rule," the duty to develop the record, which includes contacting treating physicians when needed to afford the claimant a full and fair hearing based on an adequately developed record, applies to claims governed by the new medical opinion regulations. *See, e.g., Snoke v. Comm'r of Soc. Sec*., No. 22-CV-3708 (AMD), 2024 WL 1072184, at *9 (E.D.N.Y. Mar. 12, 2024); *Fintz v. Kijakazi*, No. 22-CV-00337(KAM), 2023 WL 2974132, at *7 (E.D.N.Y. Apr. 15, 2023); *Cheryl W. v. Kijakazi*, No. 3:22-CV-1476 (VAB), 2024 WL 1012923, at *5 (D. Conn. Mar. 8, 2024);

*Daniela B. v. Kijakazi*, 675 F. Supp. 3d 305, 316 (E.D.N.Y. 2023); *see also Ramos v. Comm'r of Soc. Sec.*, No. 20-CV-9436 (OTW), 2023 WL 3380660, at *2 (S.D.N.Y. May 11, 2023).

In the present case, the record documents Plaintiff's depressive disorder and anxiety disorder, which the ALJ recognized as severe impairments within the meaning of the Social Security Act. (T at 14). Plaintiff's symptoms included depressed mood, paranoia, social isolation, auditory hallucinations, memory deficits, and interpersonal problems. (T at 33-34, 40, 172-73, 407-409, 432, 441, 623, 625-26, 634, 819, 823, 825, 833, 839).

The ALJ determined that Plaintiff nevertheless retained the RFC to perform a range of unskilled work.  (T at 16).  The ALJ relied upon treatment notes documenting Plaintiff's improvement with treatment and ability to be cooperative and appropriate with her health care providers. (T at 17-18).  The ALJ also referenced evidence that Plaintiff's "ability to manage daily tasks improved" with treatment. (T at 18).

Given Plaintiff's history of significant psychiatric symptoms, however, it was error for the ALJ to rely on her lay evaluation of the record without seeking an assessment from Plaintiff's treating providers as to the impact of her impairments on her ability to meet the mental demands of

competitive, remunerative work. *See Skartados v. Comm'r of Soc. Sec.*,
No. 20-CV-3909 (PKC), 2022 WL 409701, at *4 (E.D.N.Y. Feb. 10,
2022)("[A]n ALJ must attempt to obtain medical opinions—not just medical
records—from a claimant's treating physicians.")(citing *Prieto v. Comm'r of
Soc. Sec.*, No. 20-CV-3941 (RWL), 2021 WL 3475625, at *10–11 (S.D.N.Y.
Aug. 6, 2021) (collecting cases)).

"Cycles of improvement and debilitating symptoms [of mental illness]
are a common occurrence, and in such circumstances, it is error for an ALJ
to pick out a few isolated instances of improvement over a period of months
or years and to treat them as a basis for concluding a claimant is capable
of working." *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019)(quoting
*Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)(alterations in
original)); *see also Stacey v. Comm'r of SSA*, 799 F. Appx. 7, 10 (2d Cir.
2020)(cautioning "ALJs against scouring medical notes to draw their own
conclusions based on isolated descriptions"); *Gough v. Saul*, 799 F. Appx.
12, 14 (2d Cir. 2020)("We fear that the ALJ cherry-picked evidence from
the record to support his conclusion that Gough could work full time even
though the record as a whole suggested greater dysfunction.").

In this context, "[m]edical opinions from treating physicians are critical
because, beyond simply diagnosing the patient's impairment, they relate

the impairment to the patient's functional capacity." *Skartados*, 2022 WL 409701, at *4 (citing *Guillen v. Berryhill*, 697 F. App'x 107, 109 (2d Cir. 2017) ("The medical records discuss her illnesses and suggest treatment for them, but offer no insight into how her impairments affect or do not affect her ability to work, or her ability to undertake her activities of everyday life.")).

The Commissioner points to the examining and non-examining medical opinions in the record and argues that these assessments, along with the ALJ's interpretation of the treatment record and Plaintiff's activities, are sufficient to sustain the decision.

The Second Circuit has held that the absence of a medical source statement from a treating provider does not require remand where "the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33–34 (2d Cir.2013).

Notably, however, the Circuit has likewise long cautioned that "ALJs should not rely heavily on the findings of consultative physicians after a single examination." *Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013)(citing *Cruz v. Sullivan*, 912 F.2d 8, 13 (2d Cir. 1990)).

Moreover, "[t]his concern is even more pronounced in the context of mental illness where … a one-time snapshot of a claimant's status may not be indicative of her longitudinal mental health." *Estrella*, 925 F.3d at 98.

Here, Dr. Clementia Porcelli performed a consultative psychiatric evaluation in May of 2021.   She diagnosed unspecified schizophrenia spectrum and other psychotic disorder, unspecified depressive disorder, and unspecified anxiety disorder. (T at 410).

Dr. Porcelli opined that Plaintiff could understand, remember, and apply simple directions and instructions without limitation; but had moderate limitation with respect to complex directions and using reason and judgment to make work-related decisions. (T at 409).  She assessed moderate to marked impairment regarding Plaintiff's ability to interact with supervisors, co-workers, and the public; moderate limitation as to sustaining concentration and pace; mild limitation sustaining an ordinary routine and regular attendance; moderate to marked limitation as to regulating emotions, controlling behavior, and maintaining well-being; and mild impairment with respect to hygiene, attire, and awareness of normal hazards. (T at 409-410).

Dr. Porcelli's opinion does not provide sufficient support for the ALJ's decision.  Indeed, the ALJ did not even find Dr. Porcelli's opinion fully

persuasive.  Rather, the ALJ noted that Dr. Porcelli assessed moderate to marked impairment in some domains of functioning, described Plaintiff's prognosis as "guarded," and reported that Plaintiff's psychiatric and cognitive problems "may significantly interfere with [her] ability to function on a daily basis." (T at 409-10).  The ALJ found these aspects of Dr. Porcelli's opinion unpersuasive, but this conclusion is (again) based on her lay reading of the record and assessment of Plaintiff's activities of daily living. (T at 18).

Dr. E. Kamin, a non-examining State Agency review consultant, assessed moderate limitations in concentrating, persisting, or maintaining pace, but no limitations in understanding, remembering, or applying information; interacting with others; and adapting or managing herself. (T at 56).  Dr. K. Lieber-Diaz, Psy.D., another State Agency review consultant, found that Plaintiff had moderate limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself. (T at 70). Dr. Lieber-Diaz opined that Plaintiff could perform unskilled work in a setting that has limited contact with others. (T at 76).

Neither of these physicians examined Plaintiff and, in any event, the ALJ assigned only "some" persuasive value to Dr. Lieber-Diaz's

14

assessment and did not explain how persuasive she found Dr. Kamin's opinion. (T at 19). The ALJ's decision cannot be sustained. *See Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016)("Given the conflicts in the medical evidence, and in light of the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to the treating physicians or consultants that might shed light on the import of their opinions and the conflicts the ALJ identified.").

The ALJ also cited Plaintiff's "history of on and off treatment" as a reason for finding that she had only moderate limitations in her mental functioning. (T at 19).

However, "faulting a person with diagnosed mental illnesses ... for failing to pursue mental health treatment is a questionable practice." *McGregor v. Astrue*, 993 F. Supp. 2d 130, 143 (N.D.N.Y. 2012). "This is because ... a person who suffers from psychological and emotional difficulties may lack the rationality to decide whether to continue treatment or medication." *Williams v. Colvin*, No. 15-CV-468-FPG, 2016 WL 4257560, at *3 (W.D.N.Y. Aug. 12, 2016); *see also Johnson v. Colvin*, No. 1:14-CV-00353 (MAT), 2016 WL 624921, at *2, n.1 (W.D.N.Y. Feb. 17, 2016) ("Rather than indicating a lack of serious mental impairment, plaintiff's noncompliance [with treatment] was very possibly a further indicator that

her mental health impairments interfered with her functioning"); *Sawicki v. Comm'r of Soc. Sec.*, No. 21-CV-2093 (LJL), 2023 WL 5164212, at *9 (S.D.N.Y. Aug. 11, 2023)

Lastly, although not dispositive of the outcome in this case, Court notes that Plaintiff navigated the administrative process, including the hearing before the ALJ, *pro se*. (T at 29).

It is well-settled that "[w]hen a claimant properly waives his right to counsel and proceeds pro se, the ALJ's duties are 'heightened.'" *Moron v. Astrue*, 569 F.3d 108, 113 (2d Cir.2009) (citing *Cruz v. Sullivan*, 912 F .2d 8, 11 (2d Cir.1990)). The ALJ is required "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cruz v. Sullivan*, 912 F.3d 8, 11 (2d Cir.1990)(internal quotation marks omitted).

This Court, in turn, must undertake a "searching investigation of the record" to ensure that the claimant received "a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." *Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir.1980) (internal quotation marks omitted).

"The reason for this added duty is obvious: claimants unassisted by skilled counsel are unlikely to call to the ALJ's attention all of the

information which the ALJ should consider in evaluating the claim." *Molina v. Colvin*, No. 15-CV-8088 (JLC), 2016 WL 7388374, at *4 (S.D.N.Y. Dec. 20, 2016)(quotation omitted).

Accordingly, for the reasons outlined above, the Court finds that the ALJ erred by failing to satisfy her duty to develop the record, which was heightened here due to Plaintiff's mental health impairments and *pro se* status. A remand is required.

### B. Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

Thie Court finds a remand required for further development of the record as outlined above.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 30) is GRANTED, and this case is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.


Dated: October 25, 2024                    *s/Gary R. Jones*
                                            GARY R. JONES
                                            United States Magistrate Judge